IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SUKI K. KONEN                                                        PLAINTIFF

VERSUS                                          CASE NO. 1.10cv39 LG-RHW

ON CALL MEDICAL CLINIC                                               DEFENDANT

## COMPLAINT

### JURY TRIAL REQUESTED

Comes now the Plaintiff Suki Konen, by and through counsel, and complaining of the Defendant On Call Medical Clinic would respectfully state unto the Court the following, to-wit:

### COUNT ONE – THE PARTIES

1. The Plaintiff Suki Konen is an adult resident citizen of the state of Louisiana.

2. The Defendant On Call Medical Clinic is a medical facility which may be served with process by service upon the On Call Medical Clinic, 3091 Bienville Boulevard, Ocean Springs, Mississippi 39564, and by service upon Edward F. Aldridge, 3091 Bienville Boulevard, Ocean Springs, Mississippi 39564.

### COUNT TWO – JURISDICTION

1. This civil action is instituted pursuant to 28 USCA §1332, Diversity of Citizenship. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. Venue is proper in this Court.

3. In accordance with § 15-1-36(15), the Defendant has been provided statutory notice of the claims of the Plaintiff, Suki Konen.

## COUNT THREE – FACTUAL CONSIDERATIONS

1. On June 6, 2009 the Plaintiff was seen in the On Call Medical Clinic, Ocean Springs, Mississippi for pain in the hip area. The Plaintiff was given an IM injection of Decadron in the hip, and directed to follow up with an orthopaedic surgeon.

2. The Plaintiffs initial complaint was related to hip pain. The Plaintiffs pain and symptomology was severely aggravated as a result of Decadron being negligently injected into the sciatic nerve.

3. EMG studies confirmed the injection injury is a new and separate problem from the condition of avascular necrosis which was ultimately diagnosed and treated by an orthopaedic surgeon through hip replacement.

4. The hip replacement surgery was successful, but the sciatic nerve injury occasioned by the injection into the sciatic nerve continues and is not subject to effective treatment.

## COUNT FOUR – NEGLIGENCE AND CAUSATION

1. The standard of care for administration of medication by injection into the muscle requires selection of a safe injection site. Injury involving a major nerve such as a sciatic nerve will only occur when the standard of care is not observed. Injury involving a major nerve from an injection is prima facie evidence of the standard of care has not been met.

2. An employee of the Defendant injected Decadron into the Plaintiff's sciatic nerve. This act or omission constitutes negligence and a breach of the standard of care.

3. The acts or omissions of the Defendant's employee were committed in the course and scope of the employee's business relationship with the Defendant and are attributable to the Defendant as a matter of law.

4. As a result of the Defendant's negligence and a breach of the standard of care the Plaintiff has suffered damages.

## COUNT FIVE – DAMAGES

1. The damages sustained by the Plaintiff include, but are not limited to, bodily pain and suffering, past, present, and future; mental anguish, past, present, and future; loss of enjoyment of life, past, present, and future; medical expenses, past, present, and future; permanent impairment, and all other damages, either direct or consequential, as may be shown from the evidence, and as permitted by Mississippi law.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Suki Konen seeks actual damages, prejudgment and post judgment interest, and all costs of these proceedings.

RESPECTFULLY SUBMITTED, this the ___4___ day of February, 2010.

SUKI K. KONEN, PLAINTIFF

BY: _____
BEN F. GALLOWAY  MSB NO. 4390

## CERTIFICATE OF COMPLIANCE

The undersigned counsel, in accordance with Section 11-1-58, Miss. Code 1972 Anno., states the undersigned has had an opportunity to complete a review of the facts and the undersigned has consulted with a qualified expert pursuant to Mississippi law. The medical expert is qualified to give expert testimony on the standard of care and negligence, and the undersigned reasonably believes the expert is knowledgeable of the relevant issues involved in this action.

The undersigned has concluded that on the basis of the expert review and expert consultation, there is a reasonable basis for prosecution of this action.

RESPECTFULLY SUBMITTED this the ___4___ day of February, 2010.

_____
BEN F. GALLOWAY - MSB No. 4390
Owen, Galloway & Myers, P.L.L.C.
Post Office Drawer 420
Gulfport, MS 39502
228-868-2821 (Telephone)
228-868-2813 (Facsimile)
Email: bfg@owen-galloway.com